**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

**CASE NO. 3:19-cv-00617-BJD-MCR**
**IN ADMIRALTY**

OVERSEAS SALVAGE AND MAINTENANCE, LTD.,,

    Plaintiff,

v.

M/Y *BELLAMI.COM* (Ex: *NOBLE HOUSE*), a 2005, 768 gross ton, 46.20 meter motor yacht built by Sensation Yachts, registered in the Republic of the Marshall Islands bearing Official Number 71326, IMO No. 9323261, her engines, furniture, tackle, tender and appurtenances, *in rem*; and NOBLE HOUSE, LLC, a Marshall Islands limited liability company, *in personam*,,

    Defendants.

_____/

**DEFENDANTS, M/Y BELLAMI.COM AND NOBLE HOUSE, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, M/Y BELLAMI.COM (hereinafter "Bellami" and "Defendant") and NOBLE HOUSE, LLC (hereinafter "Noble House"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

1. Without sufficient knowledge therefore denied.

2. Without sufficient knowledge therefore denied.

**JURISDICTION**

3. Admitted for jurisdictional purposes.

4. Admitted for jurisdictional purposes.

1

5. Admitted.

## DEFENDANTS

6. Admitted.

7. Admitted as to the Vessel's name and description. Denied as to all other allegations.

## GENERAL ALLEGATIONS

8. Admitted the incident occurred in the Central Bahamas in the Exuma Cays. Remainder denied as stated.

9. Admitted as to the location of the Vessel at the date, remainder denied.

10. Admitted.

11. Denied.

12. Admitted that the Vessel entered the channel from the Southeast, remainder denied.

13. Denied as without sufficient knowledge as to the meaning of the term "hull water intrusion". The definition of the word "rudder" as used by Chin is denied as Defendant is without sufficient knowledge to for a belief as to the truth or falsity of this allegation. Remainder admitted.

14. Admitted.

15. Denied the Defendant's bilge pumps did not pump out seawater. Defendant is without knowledge concerning the photograph, therefore denied.

16. Admitted.

17. Without knowledge as to the bilge alarms in the laundry or storage rooms, therefore denied. Denied the Vessel was unable to steer with it bow thruster. Admitted as to all other allegations.

18. Admitted the Vessel was stopped and the anchor dropped. Remainder denied.

19. Admitted Chin reported the control room was flooding. Remainder denied.

20. Admitted.

21. Admitted.

22. Denied as without knowledge as to the origin of the chart or markings thereon.

23. Admitted as to the time Captain Collins issued a Mayday call over the VHF. Remainder Denied.

24. Admitted Voss gave certain orders, remainder denied.

25. Denied as without knowledge as to the "salvage watch". Remainder admitted.

26. Denied as stated.

27. Admitted.

28. Without sufficient knowledge therefore denied.

29. Admitted.

30. Admitted the yacht was found anchored in Conch Cut, remainder denied as without sufficient knowledge. Further denied as without knowledge as to the provenance of the photograph labeled as Exhibit 2.

31. Without knowledge as to what salvage master Mitchel observed.

32. Without sufficient knowledge therefore denied.

33. Without sufficient knowledge therefore denied.

34. Admitted Mitchell met Captain Collins, remainder denied as without knowledge.

35. Denied.

36. Admitted that Captain Collins signed the purported agreement.

37. Without sufficient knowledge therefore denied.

38. Without sufficient knowledge therefore denied.

39. Without sufficient knowledge therefore denied.

40. Without sufficient knowledge therefore denied.

41. Without sufficient knowledge therefore denied.

42. Admitted.

43. Without sufficient knowledge therefore denied.

44. Without sufficient knowledge therefore denied.

45. Admitted.

46. Without sufficient knowledge therefore denied.

47. Without sufficient knowledge therefore denied.

48. Without sufficient knowledge therefore denied.

49. Without sufficient knowledge therefore denied.

50. Without sufficient knowledge therefore denied.

51. Without sufficient knowledge therefore denied.

52. Without sufficient knowledge therefore denied.

53. Without sufficient knowledge therefore denied.

54. Without sufficient knowledge therefore denied.

55. Without sufficient knowledge therefore denied.

56. Without sufficient knowledge therefore denied.

57. Without sufficient knowledge therefore denied.

58. Without sufficient knowledge as to distance of the seawater level therefore denied.

    All other allegations are admitted.

59. Without sufficient knowledge therefore denied.

60. Without sufficient knowledge therefore denied.

61. Without sufficient knowledge therefore denied.

62. Without sufficient knowledge therefore denied.

63. Without sufficient knowledge therefore denied.

64. Without sufficient knowledge therefore denied.

65. Without sufficient knowledge therefore denied.

66. Without sufficient knowledge therefore denied.

67. Without sufficient knowledge as to the amount of light therefore denied. Admitted as to all other allegations.

68. Without sufficient knowledge therefore denied.

69. Without sufficient knowledge therefore denied.

70. Without sufficient knowledge therefore denied..

71. Admitted.

72. Without sufficient knowledge therefore denied.

73. Without sufficient knowledge therefore denied.

74. Without sufficient knowledge therefore denied.

75. Admitted.

76. Denied as without knowledge as to what "under the control of Overseas" refers to or the condition of the pumps.  Remainder admitted.

77. Without sufficient knowledge therefore denied.

78. Without sufficient knowledge therefore denied.

79. Without sufficient knowledge therefore denied.

80. Without sufficient knowledge therefore denied.

81. Without sufficient knowledge therefore denied.

82. Without sufficient knowledge therefore denied.

83. Without sufficient knowledge therefore denied.

84. Without sufficient knowledge therefore denied.

85. Without sufficient knowledge therefore denied.

86. Without sufficient knowledge therefore denied.

87. Without sufficient knowledge therefore denied.

88. Without sufficient knowledge therefore denied.

89. Without sufficient knowledge therefore denied.

90. Without sufficient knowledge therefore denied.

91. Without sufficient knowledge therefore denied.

92. Without sufficient knowledge therefore denied.

93. Without sufficient knowledge therefore denied.

94. Without sufficient knowledge therefore denied.

95. Without sufficient knowledge therefore denied.

96. Without sufficient knowledge therefore denied.

97. Without sufficient knowledge therefore denied.

98. Admitted.

99. Admitted.

100. Without sufficient knowledge therefore denied.

101. Without sufficient knowledge therefore denied.

102. Without sufficient knowledge therefore denied.

103. Admitted that a picture as provided in the Complaint, without sufficient knowledge as to whether Overseas actually survived the purported area and therefore denied.

104. Without sufficient knowledge therefore denied.

105. Admitted the document was signed, denied the legal effect of signing the document was as described.

## COUNT I
## PURE SALVAGE, INCLUDING PROFESSIONAL SALVOR PREMIUM

106. Admitted Plaintiff purports to incorporate prior paragraphs

107. Denied.

108. Admitted.

109. Admitted.

110. Admitted.

111. Denied as phrased.

112. Denied as phrased.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

## COUNT II
## BREACH OF MARITIME CONTRACT AND ADMIRLATY RULE B
## ATTACHMENT OF M/Y *NOBLE HOUSE*

119. Admitted Plaintiff purports to incorporate prior paragraphs.

120. Admitted for jurisdictional purposes.

121. Admitted.

122. Admitted.

123. Admitted.

124. Admitted for jurisdictional purposes.

125. Denied.

126. Denied.

127. Denied.

Any allegations not specifically admitted are hereby denied.

## **AFFIRMATIVE DEFENSES**

1. The Defendant asserts that the Plaintiff has failed to state a claim upon which relief can be granted. Namely, the Plaintiff has failed to specifically state a cause of action as to Count II, Breach of Maritime Contract and Admiralty Rule B Attachment of M/Y NOBLE HOUSE.

2. The Defendant asserts that the Plaintiff would be unjustly enriched if it were granted the relief it seeks.

3. The Defendant asserts that the Plaintiff failed to take reasonable steps to reduce or minimize the damages alleged, if any.

4. The Defendant asserts that the Plaintiff obtained the agreement from Captain Collins under duress, and therefore the agreement is not legally binding.

5. The Defendant asserts that the Plaintiff's contract is ambiguous as to the definition of "pure salvage" and any references in Plaintiff's contract should be stricken.

6. The Defendant asserts that the Plaintiff's breach of contract claims are barred because it lacks privity with Defendants and the purported contract is not between Plaintiff and Defendants.

7. The Defendant asserts that the Plaintiff waived the right to assert a lien against the Vessel by relying on the credit of a non-party rather than the credit of the Vessel.

Defendants reserve the right to amend these affirmative defenses at any time based on the discovery of additional facts or information, and/or with leave of court.

Dated: July 15, 2019  Respectfully submitted,

**MOORE & COMPANY P.A.**
*Counsel for Counter-Plaintiff*
255 Aragon Avenue, Third Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: cjaramillo@moore-and-co.com
Email: michael@moore-and-co.com

*s/Christopher R. Jaramillo*
Christopher R. Jaramillo, Esquire
Florida Bar No. 099806
Michael T. Moore, Esquire
Florida Bar No. 207845

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on July 15, 2019, on all counsel or parties of record on the Service List below.

*s/Christopher R. Jaramillo*
Christopher R. Jaramillo, Esquire
Florida Bar No. 099806

## SERVICE LIST

Stroup & Martin, P.A.
James W. Stroup
Farris J. Martin
119 Southeast 12th Street
Fort Lauderdale, FL 33316
Telephone: 954-462-8808
Facsimile: 954-462-0278
E-mail: jstroup@strouplaw.com
E-mail: fmartin@strouplaw.com
*Counsel for Plaintiff*